NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

HEATHER LYNN BROOKS, *Appellant.*

No. 1 CA-CR 23-0221

FILED 09-03-2024

Appeal from the Superior Court in Yavapai County
No.  P1300CR202201101
The Honorable Krista M. Carman, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Kenneth S. Countryman PC, Tempe
By Kenneth S. Countryman
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Brian Y. Furuya delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge David D. Weinzweig joined.

---

**F U R U Y A**, Judge:

**¶1**        Heather Lynn Brooks appeals her convictions and sentences for theft of means of transportation and theft. After searching the entire record, Brooks' defense counsel identified no arguable question of law that is not frivolous. Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asked this Court to search the record for fundamental error. Brooks was granted an opportunity to file a supplemental brief *in propria persona* and did not do so. After reviewing the entire record, we find no error.  Accordingly, we affirm Brooks' convictions and sentences.

### FACTS[1] AND PROCEDURAL HISTORY

**¶2**        In September 2022, on a hot summer morning in Black Canyon City, S.T. offered a hitchhiker, Brooks, a ride in his Polaris Ranger, a utility task vehicle. S.T. drove Brooks to his house first. At his house, S.T. showered with Brooks, fed her, and laundered her clothes. S.T. went outside to answer a call from his girlfriend. While outside, S.T. heard the Ranger start up and then saw Brooks in the Ranger driving in reverse down the road. Inside the house, S.T. discovered the keys to the Ranger and his .44 magnum revolver missing.

**¶3**        S.T. followed the Ranger's tire tracks to the Agua Fria Creek. The Ranger was stalled in the mud and Brooks was swimming naked in the creek. Law enforcement officers coaxed Brooks out of the water. Interviewed at the scene wearing only a blanket, Brooks admitted to taking S.T.'s Ranger and revolver. Brooks also admitted to being a prohibited possessor. The revolver was recovered in the mud next to the Ranger.

---

[1]        "We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404 n.2 ¶ 2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

Brooks' backpack was also found in the mud and contained various tools such as sockets, can openers, and screwdrivers.

¶4  Brooks was charged by information with count 1: theft of means of transportation; count 2: theft of a firearm; count 3: possession of burglary tools; count 4: misconduct involving weapons; and count 5: indecent exposure. Two days before trial, the State dismissed counts 4 and 5. S.T. and two responding law enforcement officers testified at trial. After the State rested, Brooks moved for a judgment of acquittal on all counts. Finding substantial evidence to support counts 1 and 2, the trial court granted the motion as to count 3 only. Brooks took the stand and admitted to having prior felony convictions. Brooks testified that she took S.T.'s Ranger and revolver because she feared being assaulted by him.

¶5  The jury convicted Brooks of count 1: theft of means of transportation and count 2: theft. The trial court sentenced Brooks as a non-dangerous, nonrepetitive offender to concurrent terms of 10 years imprisonment on count 1 and 2.25 years on count 2. Brooks was credited with 267 days' presentence incarceration. Brooks timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1), 13-4031, and -4033(A)(1).

## DISCUSSION

¶6  Our review reveals no fundamental error. *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error."). A person is guilty of theft of means of transportation if, without lawful authority, the person knowingly "controls another person's means of transportation with the intent to permanently deprive the person of the means of transportation." A.R.S. § 13-1814(A)(1). Here, using keys taken from S.T.'s house, Brooks drove S.T.'s Polaris Ranger from his house until it stalled in the mud of the Agua Fria Creek. Brooks did not have S.T.'s permission to take the Ranger. A person is guilty of theft "if, without lawful authority, the person knowingly controls property of another with the intent to deprive the other person of such property." *Id*. If the property taken is a firearm, then it is a class 6 felony. A.R.S. § 13-1802(G). Here, Brooks admitted to taking S.T.'s .44 magnum revolver without S.T.'s permission. The revolver was later found in the mud where Brooks had stalled the Ranger. The record contains sufficient evidence upon which the jury could determine beyond a reasonable doubt Brooks was guilty of the charged offenses.

¶7          All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure.  So far as the record reveals, Brooks was represented by counsel at all stages of the proceedings and was present at all critical stages, including the entire trial and the verdict. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations omitted); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). The jury was properly comprised of twelve jurors, and the record shows no evidence of jury misconduct. *See* A.R.S. § 21-102; Ariz. R. Crim. P. 18.1(a). The trial court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Brooks' presumption of innocence. At sentencing, Brooks was given an opportunity to speak, and the court stated on the record the evidence and materials it considered and the factors it found in imposing the sentences. *See* Ariz. R. Crim. P. 26.9, 26.10.  Additionally, the sentences imposed were within the statutory limits. *See* A.R.S. §§ 13-701 through -709 (as applicable).

## CONCLUSION

¶8          We affirm Brooks' convictions and sentences.

¶9          Defense counsel's obligations pertaining to Brooks' representation in this appeal have ended.  Defense counsel need do no more than inform Brooks of the outcome of this appeal and her future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

¶10          Brooks has thirty days from the date of this decision to proceed, if she wishes, with an *in propria persona* petition for review. *See* Ariz. R. Crim. P. 31.21. Upon the Court's own motion, we also grant Brooks thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.

